IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James C.,

        Plaintiff,                        Case No. 2:25-cv-231

    v.                             District Judge James L. Graham

                                     Magistrate Judge Stephanie K. Bowman

Frank Bisignano, Commissioner
of Social Security,

        Defendant.

## Opinion and Order

In this Social Security action, plaintiff James C. filed applications for child's insurance benefits[1] and for supplemental security income.  His applications were denied based on the Administrative Law Judge's finding that plaintiff was not disabled.  The Magistrate Judge issued a February 24, 2026 Report and Recommendation finding that the ALJ's decision was supported by substantial evidence and should be affirmed.  This matter is before the Court on plaintiff's objection to the Report and Recommendation.

## I.    The Initial Proceedings

Plaintiff alleges that he is disabled due to a learning disorder, affective disorders, anxiety, attention deficit hyperactivity disorder, schizophrenia, and intermittent explosive disorder.  In the first round of proceedings before an ALJ in 2022, plaintiff's applications for benefits were denied upon the finding that he was not disabled within the meaning of the Social Security Act.

Plaintiff filed suit in this Court in 2023 to challenge the ALJ's decision.  *See* Case No. 2:23-cv-1098 (S.D. Ohio).  The focus then, as it is now, was the opinion of Susan Rowland, Ph.D., consultative psychological examiner.  Dr. Rowland provided a Functional Assessment/Medical Source Statement addressing Plaintiff's abilities and limitations in four categories: (1) understanding, carrying out, and remembering instructions, both one-step and complex; (2) sustaining concentration and persisting in work-related activity at a reasonable pace; (3) maintaining effective social interaction on a consistent

---

[1]  Plaintiff was 20 years old at the time of his alleged onset of disability.  To be entitled to child's insurance benefits, a claimant who is 18 years or older must show that he is an insured person's child, is dependent on the insured, applied, is unmarried, and had a disability that began before 22 years old. *See* 20 C.F.R. § 404.350.

1

and independent basis with supervisors, co-workers, and the public; and (4) dealing with normal pressures in a competitive work setting. As to the final two categories, Dr. Rowland's opinion included the following statements:

> . . . [C]laimant may have some difficulty dealing with normal pressures in a competitive work setting; but, at this time, appears capable of managing at least basic tasks and interactions. His mental functioning was found to be largely intact and he was observed to malinger deficits to his recent and immediate memory. He does not appear to have difficulty in understanding and remembering simple instructions or sustaining concentration and persisting in work-related activity at a reasonable pace.
>
> His indifference and antagonistic nature may lead him to have difficulties working in a setting with others in a fast-paced environment performing complex tasks with other co-workers, however. He may perform better, therefore, in a work environment where he has limited contact with other co-workers and the public under a consistent (not multiple), trusted supervisor accomplishing simple tasks with clear, simple instructions. He would also benefit from learning appropriate coping strategies or being permitted **to take additional short breaks while at work if mental health symptoms worsen while on the job**.

(R. at 806) (emphasis added).

The ALJ rejected a limitation in the form of additional short breaks. The ALJ stated, without further explanation: "the undersigned finds the need for additional breaks is less consistent with the record, as the claimant was capable of concentrating on tasks for a long duration, exemplified by his ability to play video games for 7-8 hours per day." (R. at 44).

The Magistrate Judge found in her January 9, 2024 Report and Recommendation that the ALJ committed reversible error by failing to provide a "path of reasoning" which traced from the evidence to the conclusion. (Case No. 2:23-cv-1098, Doc. 14 at PAGEID 1298). The disconnect was that the video-game-playing evidence related to plaintiff's ability to concentrate (category 2) and was not relevant to the supportability or consistency of the "additional short breaks" opinion.

The Court adopted the Report and Recommendation over defendant's objection. The Court agreed with the Magistrate Judge's "determination that the ALJ improperly disregarded the opinion of Dr. Rowland. By referencing the Plaintiff's ability to play video games for 7-8 hours straight, the ALJ reduced Plaintiff's disability claim down to his ability to concentrate." (Case No. 2:23-cv-1098, Doc. 18 at PAGEID 1317). In rejecting Dr. Rowland's opinion as to plaintiff's possible need for additional short breaks, the ALJ "ignore[d] that this limitation relates to the potential for his mental health to worsen while on the job." (*Id.* at PAGEID 1318).

The Court reversed the Commissioner's decision and remanded for further proceedings regarding the limitation of additional short breaks.

## II.    The Proceedings on Remand

On remand, a new hearing was held in October 2024.  (R. at 1258).  In December 2024, the ALJ issued a decision again denying benefits.  The ALJ found that plaintiff had severe impairments, including a learning disorder, affective disorders, anxiety, ADHD, schizophrenia, and intermittent explosive disorder.  In light of these impairments, the ALJ found:

> Mentally, he is capable of simple, routine, and repetitive tasks.  He is able to work in an environment with goal-based production, where work is measured by the end result not pace work.  His work would be allowed off task 5 percent of the day.  He should have no interaction with the public and only occasional interaction with coworkers and supervisors.  He could work in a setting where others may be around, but he is more off by himself.  Further, he would require supervision where the supervisor checks work 1-2 times per day.  He would require a low stress job, defined as occasional changes in work setting and occasional decision-making required.

(R. at 1225).

Regarding Dr. Rowland's opinion as to "additional short breaks while at work if mental health symptoms worsen while on the job," the ALJ noted that the limitation was "contingent" in nature.  (R. at 1237).  That is, it was contingent on plaintiff's mental health symptoms worsening while on the job.  The ALJ examined the evidence concerning his mental health and did not find adequate support to conclude that plaintiff's symptoms would worsen while on the job.  She found "substantially normal or relatively normal mental status findings in treatment notes and no significant limitations" noted in mental health treatment records.  (*Id.*).  Included in the ALJ's review was consideration of plaintiff's mental health medication and counseling.  Generally, his medications, when taken, were successful in treating his symptoms.  (R. at 1230–1232).  Plaintiff was "alert, oriented, and showed logical thought processes."  (R. at 1232).  A mental consultative examination noted that plaintiff was "observed to fabricate symptomology for external gain" and he was "assessed with malingering."  (R. at 1233).  In sum, the ALJ found that plaintiff experienced "stability and improvement in symptoms with routine counseling intervention as well as routine medications, when he was compliant with the treatment regimen."  (R. at 1234).  Thus, the ALJ found that the limitation of additional short breaks was "not supported by the overall evidence of record."  (*Id.*).

Having considered plaintiff's impairments and residual functional capacity, the ALJ found (based on a vocational expert's testimony) that he could perform jobs that exist in significant numbers in the national economy, including janitor, hand packager, and laundry worker.  The ALJ concluded

3

therefore that plaintiff is not disabled, as defined under the Social Security Act and accompanying regulations.  Plaintiff's administrative appeal was denied.

### III.     The Magistrate Judge's February 24, 2026 Report and Recommendation

Plaintiff timely filed suit to challenge the ALJ's decision on remand.  His sole claim of error is that the ALJ failed to consider the supportability and consistency factors in evaluating Dr. Rowland's "additional short breaks" opinion.

The Magistrate Judge found that plaintiff's claim was "not well-taken."  (Doc. 14 at PAGEID 2137).  The Magistrate Judge reviewed the administrative record and found that the ALJ had properly considered the evidence of plaintiff's mental health and, in rejecting the additional short breaks limitation, had properly taken the supportability and consistency factors into account.  The ALJ evaluated the supportability factor by considering Dr. Rowland's own report that plaintiff exhibited intact mental functioning and was observed to malinger.  *See* 20 C.F.R § 404.1520c(c)(1) (supportability requires the ALJ to evaluate how much the medical conclusions are supported internally).  The ALJ evaluated the consistency factor by considering other evidence concerning plaintiff's mental heath and his ability to have social interaction and deal with workplace pressure.  *See* 20 C.F.R § 404.1520c(c)(2) (supportability requires the ALJ to evaluate how consistent the medical opinion is with evidence from other medical sources and nonmedical sources).  Thus, the Magistrate Judge concluded that the ALJ had properly considered the evidence and factors and that the decision to deny benefits was supported by substantial evidence.  *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); 42 U.S.C. § 405(g).

### IV.     Discussion

Plaintiff objects to the Magistrate Judge's Report and Recommendation but has not identified any error by the Magistrate Judge.  Rather, plaintiff argues that there is conflicting mental health evidence showing both "normal" and "abnormal" mental status, such that a decisionmaker "could go either way."  (Doc. 15 at PAGEID 2149).  Plaintiff made the same argument in briefing his statement of errors, contending that "[t]he evidence clearly cuts both ways" because "Dr. Rowland's report contains normal and abnormal findings."  (Doc. 12 at PAGEID 2128).

The Magistrate Judge correctly addressed this argument:

> While Plaintiff may disagree with the ALJ's assessment of the medical opinion evidence, he has failed to demonstrate any factual or legal error.  Instead, he simply asks this Court to reweigh the evidence in order to reach a different conclusion.  But the only issue for this Court is whether the Commissioner's decision is substantially

supported.  See *Walters v. Com'r of Soc. Sec.*, 127 F.3d at 528 (acknowledging that it is not a court's role to resolve conflicts in the evidence).  A court may not reverse even if there is substantial evidence to support an alternative conclusion, so long as the ALJ's analysis falls within a "zone of choice."  That standard is met here.  *See generally, Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (holding that substantial evidence is evidence a reasonable mind might accept as adequate to support a conclusion and that the threshold "is not high").

(Doc. 14 at PAGEID 2144–2145 ).

The Court remanded this matter with instructions to the ALJ to evaluate the "additional short breaks" limitation in a manner which provided a logical bridge between the evidence and the decision. The ALJ's most recent decision did exactly that.  The ALJ properly identified the limitation as "contingent," and then proceeded to examine the overall record concerning whether plaintiff's mental health would worsen on the job.  As the ALJ discussed, and plaintiff himself observes, Dr. Rowland's own examination report contained both normal and abnormal findings – thus leading to Dr. Rowland's contingent limitation.  It was within the ALJ's zone of choice to determine which evidence she found more persuasive, so long as she considered the supportability and consistency factors.  The ALJ in particular was persuaded by Dr. Rowland's own extensive discussion of plaintiff's "malingering his mental illness" and willingness "to fabricate symptomology for external gain."  (R. at 1233).  And the ALJ was persuaded by other evidence, including treatment notes, showing that plaintiff received "substantially normal or relatively normal mental status findings," was given "no significant limitations . . . in participating in mental health treatment," experienced "stability and improvement in symptoms with routine counseling intervention as well as routine medications," and had logical cognition and clear, coherent, and intact thought processes.  (R. at 1234, 1237).

Upon *de novo* review, the Court finds that the ALJ properly considered the supportability and consistency factors.  The ALJ's determination – that the limitation of additional short breaks was not supported by the overall record – is supported by substantial evidence.

## V.    Conclusion

Accordingly, plaintiff's objection (Doc. 15) to the Report and Recommendation is OVERRULED.  The Report and Recommendation (Doc. 14) is hereby adopted in its entirety and the Court AFFIRMS the Commissioner's decision.

*s/ James L. Graham*
JAMES L. GRAHAM
DATE: March 27, 2026                                          United States District Judge

5